IN  THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES HENRY IRELAND FOLTZ     :
   #1211435
                    Petitioner          :

     v.                                 :      CIVIL ACTION NO. ELH-13-412

WARDEN ROBERT GREEN, et al.,            :
                    Respondents

**MEMORANDUM**

On February 6, 2013, the Clerk received a habeas corpus petition and an indigency affidavit from petitioner, who is presently detained at the Montgomery County Detention Center. Foltz, who has a criminal history in the Montgomery County and Washington County courts dating from 1992, challenges his arrest on June 13, 2012, for violation of probation stemming from a 2007 conviction.  Foltz claims that documents he has sent to the court in connection with the case have not been docketed; that the Montgomery County Circuit Court lacks jurisdiction; and that he cannot receive a fair hearing due to a conspiracy among court personnel to alter the record.  He also complains that he has been detained more than 180 days, in violation of Maryland rules.

A review of Maryland's electronic case search is instructive.  On November 17, 2006, Foltz was indicted in the Circuit Court for Montgomery County on charges of assault and drug possession.[1]  On April 24, 2007, he pled guilty to those charges.  On May 21, 2007, Foltz was sentenced on Count 1 (the assault charge) to four years' incarceration, with all but twelve days suspended, and on Count 2 (the drug charge) to a consecutive sentence of four years'

_____

[1] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=106500C&loc=68&detailLoc=MCCR.

incarceration, with all but twelve days suspended.   Restitution and five years of supervised probation also were imposed.

On March 4, 2009, Foltz was found guilty of violating probation and sentenced as to Count 1 to four years of incarceration, with all but four months suspended, and to a consecutive sentence of four years of incarceration, suspended, with credit for twelve days' time served as to Count 2.

On May 9, 2012, Parole and Probation agents requested issuance of a bench warrant, which was granted on May 22, 2012.   Foltz was extradited from another jurisdiction and appeared with counsel in the Circuit Court for Montgomery County on September 17, 2012.  The court ordered Foltz held without bond.  A hearing on the violation and a competency hearing are scheduled for March 8, 2013.

Before Foltz may seek habeas relief in federal court, he must exhaust each claim presented to the federal court by pursuing remedies available in state court.  *See Rose v. Lundy*, 455 U.S. 509 (1982).  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim.  *See* 28 U.S.C. § 2254(b) and (c). In Maryland, this may be accomplished by proceeding after conviction with certain claims on direct appeal, and thereafter seeking *certiorari* to the Maryland Court of Appeals and with other claims by way of a post-conviction petition, followed by petitioning the Court of Special Appeals for leave to appeal.   Foltz has not yet been tried for violation of probation and has completed neither direct appeal nor post-conviction review.

Because the habeas corpus claims presented here have not been exhausted in the State courts, the instant action is premature.  *See Gray v. Netherland*, 116 S.Ct. 2074, 2080-83 (1996). Thus, the case will be dismissed, without prejudice, by separate order.   A certificate of

appealability will not issue because petitioner has not made a "substantial showing of the denial of a constitutional right."[2]

A separate Order follows.


February 15, 2013____                              _/s/_____
(Date)                                            Ellen Lipton Hollander
                                                  United States District Judge

_____

[2] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)).